IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONALD COTTRELL,** | * | |
| **JAMES RIGDON, and** | | |
| **STACEY RIGDON,** | * | |
| | | |
| **Plaintiffs,** | * | |
| | | |
| vs. | * | CASE NO.: 2016-cv-503 |
| | | |
| **CHICKASAW CITY SCHOOLS** | * | |
| **BOARD OF EDUCATION and** | | |
| **KATHY ODOM, in her Individual** | * | |
| **and Official capacity as Superintendent** | | |
| **of Chickasaw City Schools,** | * | |
| | | |
| **Defendants.** | * | |

**DEFENDANTS' MOTION TO DISMISS AND ANSWER**

Comes now, the Defendant, Chickasaw City Schools Board of Education ("Board"), by and through undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby request that this Honorable Court dismiss Count Three of the Plaintiffs' complaint with prejudice. As to Counts One and Two which are not mentioned in the Motion to Dismiss, the Defendant hereby responds and answers the Counts as follows:

**A. MOTION TO DISMISS**

**STATEMENT OF THE CASE**

1. On September 21, 2014, Chandler Rigdon, son of Plaintiffs James and Stacey Rigdon was allegedly harassed by then acting Principal of Chickasaw City Schools Brent Ward. During the incident, Plaintiff Ronald Cottrell allegedly witnessed said incident. (Complaint at ¶ 13, 14).

2. On November 3, 2014, Chandler Rigdon, allegedly with the support of his parents, Plaintiffs James Rigdon and Stacey Rigdon, filed a complaint for harassment against Principal Ward.

(Complaint at ¶ 28).

3. All the Plaintiffs allegedly cooperated with the police investigation and Cottrell allegedly testified at both Municipal trial and State Circuit Court trial in Mobile, Alabama. (Complaint at ¶ 30).

4. Plaintiffs allege that they received harassment and disparate treatment throughout the process of the Municipal and State Court case, including an alleged incident in which then acting Chickasaw City School's Assistant Principal, Willie Lewis, allegedly told James Rigdon "Word for the wise, if you want to stay, you need to let it go." Also, Plaintiff Cottrell alleges that Willie Lewis told Cottrell that he needed to calm James Rigdon down and the Rigdons did not need to press charges. (Complaint at ¶ 18, 19, 33).

5. According to the complaint, Plaintiffs James and Stacey Rigdon were put on administrative leave on May 6, 2015 and eventually non-renewed on June 11, 2015. Plaintiff Cottrell was also non-renewed on June 11, 2015. (Complaint at ¶ 35, 36). On September 29, 2016, the Plaintiffs filed this lawsuit against the Defendants, the Board and current Superintendent, Kathy Odom, alleging that the Defendants violated the Alabama State Employee's Protection Act (Ala. Code § 36-26A-3) (Count One), violated the Plaintiffs' First Amendment rights pursuant to 42 U.S.C. § 1983 (Count Two), and violated the Plaintiffs' civil rights pursuant to 42 U.S.C. § 1985(2) "Conspiracy to Injure Witness for Testifying" (Count Three). No allegations contain alleged actions by Kathy Odom because she was not acting as Superintendent at the time in controversy.

**STATEMENT OF THE FACTS**

1. Plaintiffs James Rigdon and Ronald Cottrell were both hired to coach and teach for the Chickasaw City School System for the 2014-2015 school year. Plaintiff Stacey Rigdon was hired

as a paraprofessional for the 2014-2015 school year. (Complaint at ¶ 7, 8, 9).

2. James and Stacey Rigdon are husband and wife and their son, Chandler Rigdon, was a student at Chickasaw City High School during the 2014-2015 school year. (Complaint at ¶ 10).

3. On or about June 11, 2015, the Plaintiffs have alleged then acting Superintendent Kyle Kallhoff recommended that the Board non-renew all three of the Plaintiffs in this case, which ended their employment with the Chickasaw City School System. (Complaint at ¶ 36).

4. Prior to being non-renewed, Chandler Rigdon, son of Plaintiffs James and Stacey Rigdon, was allegedly harassed by then Chickasaw City School's Principal Brent Ward on September 21, 2014. (Complaint at ¶ 13, 14).

5. Plaintiff Ronald Cottrell allegedly witnessed the alleged harassment of Chandler Rigdon by Principal Brent Ward. (Complaint at ¶ 14).

6. Plaintiff Cottrell alleges that following said incident, Willie Lewis, Chickasaw City School's then Assistant Principal, approached Cottrell and told Cottrell that Cottrell "needed to calm James Rigdon down and that the Rigdon's did not need to press charges." (Complaint at ¶ 18).

7. Plaintiff James Rigdon also alleges that Assistant Principal Willie Lewis "Confronted James Rigdon at football practice later that day and stated 'Word for the wise, if you want to stay, you need to let it go.'" (Complaint at ¶ 19). The Plaintiffs then allege that on November 3, 2014, Chandler Rigdon, "with the support of his parents . . . filed a complaint with the Chickasaw City Police Department . . . (and) reported to the police that Brent Ward hit him at school." Brent Ward was subsequently charged with "harassment" for the incident and "prosecuted" in "Chickasaw Municipal Courts." (Complaint at ¶ 28, 29). The Plaintiffs then go on to allege that "Each of the Plaintiffs cooperated with the police investigation and provided information necessary for the

prosecution. Cottrell testified at both the municipal trial in Chickasaw and the Circuit Court trial in Mobile." (Complaint at ¶ 30).[1]

8.    Without mentioning dates or facts, the Plaintiffs then allege that they were all harassed for "seemingly minor events" until they were eventually either placed on administrative leave or non-renewed. (Complaint at ¶ 31, 35, 36).

9.    It is worth noting that in Count Three, 42 U.S.C. § 1985; Conspiracy to Injure Witness for Testifying, the Plaintiffs allege "Plaintiffs were told by Defendants not to report the assault of a minor child by their school principal." (Complaint at ¶ 50). The count further states that it was represented to the Plaintiffs that their employment would be affected for their reporting of the assault and the participation in the investigation and process of the crime against a minor child. (Complaint at ¶ 50). This is highly unusual and extremely misleading in that earlier in the complaint the charge against the principal was described as "harassment" and the case was tried before Chickasaw Municipal Court. (Complaint at ¶ 29). Defense counsel finds this alarming because harassment (Ala. Code § 13A-11-8) is a Class C misdemeanor in the State of Alabama and, therefore, why the case against Ward was tried in a Municipal Court. Assault (Ala. Code §§ 13A-6-20 through 22) is either a Class A misdemeanor or felony in the State of Alabama and a much more serious offense.

## STANDARD OF REVIEW

The standard by which a motion to dismiss for failure to state a claim is decided is well established. *Jackman v. Hospital Corp. of America Mideast Ltd., 800 F.2d 1577 (11th Cir. 1986)*. A

---

[1] The Circuit Court that Plaintiffs are referring to is the Thirteenth Judicial Circuit Court of the State of Alabama located in Mobile County. (State Court, not Federal.)

motion to dismiss is only granted when the movant demonstrates "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).* On a motion to dismiss, the facts stated in the complaint and all reasonable inferences therefrom are taken as true. *Stephens v. Dept. of Health & Human Services, 901 F.2d 1571, 1573 (11th Cir. 1990) (citing Delong Equipment Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988)).*

In the instant case, the Plaintiffs' claims under Count Three are ripe for dismissal under Rule 12(b)(6) insofar as their claims fail to meet the legal standard of preventing a witness from testifying in a Federal Court pursuant to 42 U.S.C. § 1985(2); therefore, Count Three should be dismissed as a matter of law.

## ARGUMENT

**Plaintiffs' claims under 42 U.S.C. § 1985(2); Conspiracy to Injure Witness for Testifying must be dismissed because the Plaintiffs have not and cannot allege that there was a conspiracy to prevent any of them from attending or testifying in Federal Court.**

The Plaintiffs' Count Three asserts the claim that "Defendants' harassment, discrimination, and termination of Plaintiffs is a violation of the Plaintiffs' civil rights, pursuant to 42 U.S.C. § 1985(2)." 42 U.S.C. § 1985(2) states as follows:

> If two or more persons in any state or territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict,

>presentment, or indictment lawfully presented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any state or territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

The Eleventh Circuit has firmly decided that § 1985(2) applies only if the conspiracy attempted to prevent the witness from attending or testifying in Federal Court. *Morast v. Lance, 807 F.2d 926, 930 (1987), Kimball v. D. J. McDuffy, Inc.; 648 F.2d 340, 348 (5th Cir.) (en banc), cert denied, 454 U.S. 1110, 102 S. Ct. 687, (1981)*. This legal precedent began before the split of the Fifth Circuit with *Kimball v. D. J. McDuffy, Inc.* and has carried over into the Eleventh Circuit and remained consistent.

In the *Kimball* case, Kimball was an employee of McDuffy and claimed McDuffy terminated him because they discovered he filed a lawsuit against a prior employer. Though the meat of the *Kimball* opinion addressed whether or not § 1985(2) protected individuals' rights throughout the entire Federal Court process, it did clarify "(Section 1985(2)) does not create a claim for every conspiracy entered into with intent to deny citizen access to a court, or to retaliate against a citizen for his utilization of the Federal Court system. If they are to come within the plain language of the statute, plaintiffs must allege that they were injured on account of having attended or testified in Federal Court." Id. At 348.

The Eleventh Circuit then reiterates this legal precedence in *Morast v. Lance* by stating "§ 1985(2) applies to only if the conspiracy attempted to prevent the witness from attending or testifying in Federal Court." *Morast v. Lance, 807 F.2d 926, 930*. In *Morast*, the court further states

6

that Morast's testimony was before the OCC, an administrative agency, not a Federal Court. Id.

As some of this Honorable Court's sister courts in Florida have noted, "Case law on the subject of § 1985(2) conspiracies to obstruct justice is sparse." *Foster v. Pall Aeropower Corp., 111 F.Supp. 2d 1320, 1322 (2000)*. Though this middle district of Florida court notes that the case law is sparse, it does go on to say that the defendant in the case correctly argued that only the alleged acts of retaliation related to participation in Federal Court proceedings are actionable under § 1985(2). Id. at 1323. Despite the fact of there being a minimal amount of case law on the subject matter, it is clear that the Eleventh Circuit believes that 42 U.S.C. § 1985(2), and possibly all of 42 U.S.C. § 1985, was written with the intent to protect individuals from conspiracy to testify in Federal Courts only.

Paragraphs 28 and 29 of the complaint made it very clear that Chandler Rigdon filed a complaint with the Chickasaw City Police Department, Brent Ward was charged with harassment (a misdemeanor), the case was prosecuted in Chickasaw Municipal Courts, and then again tried in Alabama State Circuit Court. Even though Count Three later misrepresents the charge against Principal Ward by calling it an "assault of a minor," the Plaintiffs have not and cannot allege that a conspiracy to injure them from testifying or attending a Federal Court case occurred pursuant to 42 U.S.C. § 1985(2).

## **CONCLUSION**

Based on Eleventh Circuit precedent, the Defendants are entitled to the dismissal of Count Three and all claims related to Court Three in the Plaintiffs' lawsuit because there is beyond doubt that the Plaintiffs can prove no set of facts to support their claim which entitles them to relief pursuant to 42 U.S.C. § 1985(2).

## B. ANSWER

## PARTIES AND VENUE

1. The Board admits that the Plaintiff, Ronald Cottrell, is an adult. Upon information and belief, the Board admits that the Plaintiff is a resident of the United States and this judicial district.

2. The Board admits that the Plaintiff, James Rigdon, is an adult. The Board is without sufficient information to admit or deny that the Plaintiff is a resident of the State of Florida.

3. The Board admits that the Plaintiff, Stacey Rigdon, is an adult. The Board is without sufficient information to admit or deny that the Plaintiff is a resident of the State of Florida.

4. The Board admits that it is a Public Board of Education that serves the Chickasaw City School System. The Board also admits that it is located and doing business in the City of Chickasaw, Mobile County, Alabama.

5. The Board admits that Kathy Odom is an adult currently residing in Mobile County, Alabama. The Board also admits that Odom currently serves as a Superintendent of the Chickasaw City Schools Board of Education.

6. The Board admits that the Board is located and doing business within this judicial district and division. Though the Board does admit that 28 U.S.C. § 1391(b) provides for venue in this case, the Board denies that said Code section provides for the specific jurisdiction of the Plaintiffs' claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, or supplemental jurisdiction under Alabama Code Section 36-26A-3. The Board further denies the allegations contained in paragraph 6 and demands strict proof thereof.

**STATEMENT OF FACTS**

7.     The Board admits that Plaintiff Cottrell was hired by the Board prior to the start of the 2014-2015 school year. The Board admits that Cottrell was hired to teach in the Chickasaw City School System and serve as head coach of the school's varsity football team.

8.     The Board admits that Plaintiff James Rigdon was hired by the Board prior to the start of the 2014-2015 school year. The Board admits that James Rigdon was hired to teach at the Chickasaw City School System and to serve as head coach of the school's varsity baseball team. The Board also admits that James Rigdon served as an assistant coach of the school's football team.

9.     The Board admits that Plaintiff Stacey Rigdon was hired by the Board prior to the start of the 2014-2015 school year. The Board admits that Stacey Rigdon was hired as a paraprofessional.

10.    Upon information and belief, the Board admits that at the time James and Stacey Rigdon were employed by the Board, they were husband and wife. The Board is without sufficient information to admit or deny whether the Rigdons are currently husband and wife. Upon information and belief, the Board admits that Chandler Rigdon is James and Stacey Rigdon's son. The Board admits that Chandler Rigdon was a student at Chickasaw City High School during the 2014-2015 school year.

11.    Upon information and belief, the Board admits that the Plaintiff Cottrell was an experienced coach of football at both the high school and collegiate levels prior to his employment with the Board.

12.    Upon information and belief, the Board admits that Plaintiff James Rigdon was an experienced coach at baseball at both the high school and collegiate levels prior to his employment

with the Board.

13. The Board denies the allegations contained in paragraph 13 and demands strict proof thereof.

14. The Board denies the allegations contained in paragraph 14 and demands strict proof thereof.

15. The Board denies the allegations contained in paragraph 15 and demands strict proof thereof.

16. The Board denies the allegations contained in paragraph 16 and demands strict proof thereof.

17. The Board denies the allegations contained in paragraph 17 and demands strict proof thereof.

18. The Board denies the allegations contained in paragraph 18 and demands strict proof thereof.

19. The Board denies the allegations contained in paragraph 19 and demands strict proof thereof.

20. The Board denies the allegations contained in paragraph 20 and demands strict proof thereof.

21. The Board denies the allegations contained in paragraph 21 and demands strict proof thereof.

22. The Board denies the allegations contained in paragraph 22 and demands strict proof thereof.

23. The Board denies the allegations contained in paragraph 23 and demands strict proof

thereof.

    24.    The Board denies the allegations contained in paragraph 24 and demands strict proof thereof.

    25.    The Board denies the allegations contained in paragraph 25 and demands strict proof thereof.

    26.    The Board denies the allegations contained in paragraph 26 and demands strict proof thereof.

    27.    The Board denies the allegations contained in paragraph 27 and demands strict proof thereof.

    28.    The Board denies the allegations contained in paragraph 28 and demands strict proof thereof.

    29.    The Board denies the allegations contained in paragraph 29 and demands strict proof thereof.

    30.    The Board denies the allegations contained in paragraph 30 and demands strict proof thereof.

    31.    The Board denies the allegations contained in paragraph 31 and demands strict proof thereof.

    32.    The Board denies the allegations contained in paragraph 32 and demands strict proof thereof.

    33.    The Board denies the allegations contained in paragraph 33 and demands strict proof thereof.

    34.    The Board denies the allegations contained in paragraph 34 and demands strict proof

thereof.

35. The Board denies the allegations contained in paragraph 35 and demands strict proof thereof.

36. The Board denies the allegations contained in paragraph 36 and demands strict proof thereof.

## COUNT ONE:
## ALA. CODE § 36-26a-3; STATE EMPLOYEES PROTECTION ACT

37. The Board re-alleges and incorporates by reference its responses to paragraphs 1 - 36 of the Plaintiffs' complaint as if fully set forth herein.

38. The Board denies the allegations contained in paragraph 38 and demands strict proof thereof.

39. The Board denies the allegations contained in paragraph 39 and demands strict proof thereof.

40. The Board denies the allegations contained in paragraph 40 and demands strict proof thereof.

## COUNT TWO:
## 42 U.S.C. § 1983; FIRST AMENDMENT

41. The Board re-alleges and incorporates by reference its responses to paragraphs 1 - 36 of the Plaintiffs' complaint as if fully set forth herein.

42. The Board denies the allegations contained in paragraph 42 and demands strict proof thereof.

43. The Board denies the allegations contained in paragraph 43 and demands strict proof thereof.

44. The Board denies the allegations contained in paragraph 44 and demands strict proof thereof.

45. The Board denies the allegations contained in paragraph 45 and demands strict proof thereof.

46. The Board denies the allegations contained in paragraph 46 and demands strict proof thereof.

47. The Board denies the allegations contained in paragraph 47 and demands strict proof thereof.

48. The Board denies the allegations contained in paragraph 48 and demands strict proof thereof.

## COUNT THREE:
## 42 U.S.C. § 1985; CONSPIRACY TO INJURE WITNESS FOR TESTIFYING

49. The Board re-alleges and incorporates by reference its responses to paragraphs 1 - 36 of the Plaintiffs' complaint as if fully set forth herein.

50. The Board denies the allegations contained in paragraph 50 and demands strict proof thereof.

51. The Board denies the allegations contained in paragraph 51 and demands strict proof thereof.

52. The Board denies the allegations contained in paragraph 52 and demands strict proof thereof.

53. The Board denies the allegations contained in paragraph 53 and demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to show that this Honorable Court has proper jurisdiction for the claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, or supplemental jurisdiction for Alabama Code § 36-26A-3.

2. Plaintiffs have failed to mitigate the alleged damages.

3. Plaintiffs have failed to exhaust their administrative remedies.

4. Plaintiffs' complaint allegations do not state a claim upon which relief may be granted under Alabama Code § 36-26A-3; State Employees Protection Act.

5. Plaintiffs' complaint allegations do not state a claim upon which relief may be granted under 42 U.S.C. § 1983.

6. Plaintiffs' complaint allegations do not state a claim upon which relief may be granted under 42 U.S.C. § 1985.

7. Plaintiffs' have failed to state a claim upon which compensatory damages may be awarded.

8. Plaintiffs' claims are barred by the applicable statute of limitations.

9. No action of the Board was the proximate cause of any violation of the Plaintiffs' Federally protected rights.

10. No action of the Board was the proximate cause of any violation of the Plaintiffs' State protected rights.

11. The Board is absolutely immune from suit under the Eleventh Amendment of the United States Constitution.

12. The Board is absolutely immune from suit under Article I, Section 14 of the Alabama

Constitution (1901).

13. The Plaintiffs have failed to show a violation of Alabama Code § 36-26A-3.

14. The Plaintiffs have not alleged and cannot prove any official policy of the Chickasaw City Board of Education which resulted in a violation of the Plaintiffs' Federally protected rights.

15. The Plaintiffs have not alleged and cannot prove any official policy of the Chickasaw City Board of Education which resulted in a violation of the Plaintiffs' State protected rights.

16. The Board did not violate any clearly established Federal, Constitutional right of which a reasonable person would have known.

17. At all times relevant to this action, the Board was acting upon its reasonable understanding and belief of the requirements of the governing Federal and State law.

18. The Board can state legitimate non-discriminatory reasons for its actions with respect to all of the Plaintiffs.

19. The Plaintiffs have failed to allege and cannot prove sufficient conditions upon which the equitable relief sought in the complaint may be based.

20. The Board asserts the *Mt. Healthy* defense, where appropriate.

21. To the extent the claims asserted in the action are wholly without foundation or facts and are frivolous, the Board asserts that it is entitled to relief under 42 U.S.C. § 1988, Rule 11 Federal Rules of Civil Procedure, this Court's inherent powers and any other rule, statute or case law that provides for the imposition of sanctions and an award of attorney's fees, the Board demands attorney's fees and costs.

22. Anything not specifically not admitted or addressed in this answer is denied, and the Board demands strict proof thereof.

23. The Plaintiffs are not entitled to any of the relief they seek in the prayer for relief of each count of this complaint. The Board reserves the right to amend this answer at a later date to the extent that discovery is incomplete, and/or Plaintiffs may elect to file an amended complaint, and/or this Court denies its motion to dismiss.

>Respectfully requested,
>
>CAMPBELL, DUKE & CAMPBELL
>Attorneys for Defendants
>
>By:   /s/ R. Nash Campbell
>      R. NASH CAMPBELL (CAMPR 0327)
>      ROBERT C. CAMPBELL, III (CAMPR6698)
>      851 E. I-65 Service Road, Suite 700
>      Mobile, Alabama  36606
>      (251) 476-2400

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 5th day of December, 2016, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notice to the following:

Thomas M. Loper
The Gardner Firm, P.C.
210 South Washington Avenue
Mobile, Alabama 36602

>  /s/ R. Nash Campbell
>R. NASH CAMPBELL